IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

|  |  |
|---|---|
| MILAGRO RIVERA DIAZ<br>c/o 519 H Street NW<br>Washington, DC 20001<br>(Prince George's County)<br><br>   Plaintiff,<br><br>v.<br><br>CHILL GROUP, LLC<br>d/b/a CHARBROILED CHICKEN & GRILL<br>3116 Queens Chapel Road<br>Hyattsville, MD 20782<br>(Prince George's County)<br><br>COLMAR GROUP, LLC<br>d/b/a CHARBROILED CHICKEN & GRILL<br>4900 Lackawanna Street<br>College Park, MD 20740<br>(Prince George's County)<br><br>AKM MASUD<br>14407 General Washington Drive<br>Woodbridge, VA 22193<br><br>NAYAN BEGUM<br>4900 Lackawanna Street<br>College Park, MD 20740<br>(Prince George's County)<br><br>   Defendants. | Civil Action No. _____ |

# COMPLAINT

1. While Plaintiff worked at two of Defendants' Charbroiled Chicken & Grill restaurants, Defendants paid her a daily salary that denied her minimum and overtime wages.

2.      Plaintiff brings this action against Chill Group, LLC; Colmar Group, LLC; Akm Masud; and Nayan Begum ("Defendants") to recover damages for Defendants' willful failure to pay minimum and overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the Maryland Wage and Hour Law ("MWHL"), Md. Code, Lab. & Empl. Art., § 3-401 *et seq.*; and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code, Lab. & Empl. Art., § 3-501 *et seq.*

**Jurisdiction and Venue**

3.      Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C.§ 1367 (supplemental jurisdiction).

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b) and Local Rule 501(4) because all of the parties reside in this district and division, or because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district and division.

**Parties**

5.      Plaintiff Milagro Rivera Diaz is an adult resident of Maryland.

6.      Defendant Chill Group, LLC is a Maryland limited liability company. It does business as Charbroiled Chicken & Grill. Its principal place of business is located at 3116 Queens Chapel Road, Hyattsville, MD 20782. Its resident agent for service of process is Akm Masud, 4900 Lackawanna Street, College Park, MD 20740.

7.      Defendant Colmar Group, LLC is a Maryland limited liability company. It does business as Charbroiled Chicken & Grill. Its principal place of business is located at 4900 Lackawanna Street, College Park, MD 20740. Its resident agent for service of process is Nayan Begum, 4900 Lackawanna Street, College Park, MD 20740.

8. Defendant Akm Masud is an adult resident of Virginia. He resides at 14407 General Washington Drive, Woodbridge, VA 22193. He is an owner and member of Defendants Chill Group, LLC and Colmar Group, LLC. He exercises control over the operations of Chill Group, LLC and Colmar Group, LLC — including their pay practices.

9. Defendant Nayan Begum is an adult resident of Maryland. She resides at 4900 Lackawanna Street, College Park, MD 20740. She is an owner and member of Defendants Chill Group, LLC and Colmar Group, LLC. She exercises control over the operations of Chill Group, LLC and Colmar Group, LLC — including their pay practices.

**Factual Allegations**

10. Defendants own and operate "Charbroiled Chicken & Grill," a restaurant brand with approximately 9 locations.

11. Plaintiff worked at Charbroiled Chicken & Grill from approximately May 14, 2021 through approximately June 4, 2022.

12. Throughout her employment, Plaintiff worked at two Charbroiled Chicken & Grill restaurants concurrently: "Bladensburg" (3751 Bladensburg Road, Colmar Manor, MD 20722), and "Chillum" (3116 Queens Chapel Road, Hyattsville, MD 20782).

13. Initially, Plaintiff primarily worked at the Bladensburg location.

14. In approximately November 2021, Defendants changed Plaintiff's schedule so that she worked primarily at the Chillum location.

15. While Plaintiff worked at the Bladensburg location, Defendants sometimes required Plaintiff to fill in for an absent employee at the Chillum location. And while Plaintiff worked at the Chillum location, Defendants sometimes required Plaintiff to fill in for an absent employee at the Bladensburg location

16. Plaintiff worked at Charbroiled Chicken & Grill as a kitchen laborer.

17. Plaintiff's job duties at Charbroiled Chicken & Grill primarily consisted of preparing and cooking food, cleaning and marinating chicken, cleaning the grills, and cleaning her workstation at the end of each shift.

18. Plaintiff typically and customarily worked five days per week.

19. Plaintiff typically and customarily started work at 9:00 a.m.

20. Plaintiff typically and customarily stopped work at 10:00 p.m.

21. Plaintiff typically and customarily worked thirteen hours per day.

22. Plaintiff typically and customarily worked sixty-five hours per week.

23. On occasion, Plaintiff worked as many as six or seven days a week, for a total of seventy-eight to ninety-one hours. For example, during the two weeks of August 16, 2021 through August 29, 2021, Plaintiff worked thirteen days, or a total of 169 hours.

24. At all relevant times, Defendants paid Plaintiff a daily salary of $140.00.

25. At all relevant times, Defendants paid Plaintiff an effective hourly rate of $10.77 per hour. ($140.00 daily salary ÷ 13 hours = $10.77).

26. At all relevant times, Defendants split Plaintiff's pay between cash and check.

27. At all relevant times, Defendants paid Plaintiff a semimonthly check of $500.00.

28. At all relevant times, Defendants paid Plaintiff the remainder of her wages in cash.

29. Plaintiff typically and customarily worked more than forty hours per workweek for Defendants.

30. At all relevant times, Defendants paid Plaintiff the same effective hourly rate across all hours worked.

31. At all relevant times, Defendants did not pay Plaintiff overtime wages — or one and one-half times her regular hourly rate for hours worked in excess of forty in a workweek.

32. In addition to not paying overtime wages, Defendants did not pay Plaintiff the applicable Maryland minimum wage.

33. Maryland required Defendant to pay non-exempt employees at least $11.60 per hour from January 1, 2021 through December 31, 2021, and $12.20 from January 1, 2022 through the present.

34. Defendants owe Plaintiff approximately $15,000.00 in minimum and overtime wages (excluding liquidated damages).

35. Defendant Masud participated in the decision to set Charbroiled Chicken & Grill's hours of operations.

36. Defendant Masud has participated in hiring and firing employees on behalf of Charbroiled Chicken & Grill.

37. Defendant Masud hired Julio Adalber Hernandez Garcia to work as a manager at the Charbroiled Chicken & Grill restaurants.

38. Defendant Masud had the authority to sign checks on behalf of Charbroiled Chicken & Grill.

39. Defendant Masud has signed checks on behalf of Charbroiled Chicken & Grill.

40. Defendant Masud participated in the decision to split Plaintiff's pay between check and cash.

41. Defendant Masud participated in the decision to employ Plaintiff at two Charbroiled Chicken & Grill restaurants concurrently.

42. Defendant Begum participated in the decision to set Charbroiled Chicken & Grill's hours of operations.

43. Defendant Begum participated in hiring and firing employees on behalf of Charbroiled Chicken & Grill.

44. Defendant Begum hired Julio Adalber Hernandez Garcia to work as a manager at the Charbroiled Chicken & Grill restaurants.

45. Defendant Begum had the authority to sign checks on behalf of Charbroiled Chicken & Grill.

46. Defendant Begum has signed checks on behalf of Charbroiled Chicken & Grill.

47. At all relevant times, each Defendant had the power to hire and fire Plaintiff.

48. At all relevant times, each Defendant had the power to control Plaintiff's work schedule.

49. At all relevant times, each Defendant had the power to supervise and control Plaintiff's work.

50. At all relevant times, each Defendant had the power to set Plaintiff's rate and manner of pay.

51. At all relevant times, Defendants were aware that they were legally required to pay Plaintiff one and one-half times her regular hourly rate for all hours worked in excess of forty hours in any one workweek.

52. At all relevant times, Defendants were aware that they were legally required to pay Plaintiff the applicable Maryland minimum wage.

53. At all relevant times, Defendants were aware that they were legally required to timely pay Plaintiff all wages legally due to him.

54. At all relevant times, Defendants operated their Bladensburg and Chillum locations as though they were one employer.

55. Defendants employed Plaintiff to work concurrently at both restaurants.

56. Defendants employed other non-managerial employees to work concurrently at both restaurants.

57. Defendants employed the same manager, Julio Hernandez Garcia, at both restaurants.

58. Defendants required Plaintiff to perform the same work duties at both restaurants.

59. Defendants paid Plaintiff the same daily salary, irrespective of where she worked.

60. Defendants used the same brand and menu at both restaurants.

61. When Julio Hernandez Garcia fired Plaintiff, she was fired from both restaurants simultaneously.

62. At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

63. At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

64. At all relevant times, Defendants had employees who handled food products, such as chicken, beef, or vegetables, that had been raised or grown outside of Maryland.

## COUNT I
## FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

65. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

66. Each Defendant was an "employer" of Plaintiff within the meaning of the FLSA. 29 U.S.C. § 203(d).

67. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

68. Defendants violated the FLSA by knowingly failing to pay Plaintiff at least one and one-half times her regular hourly rate for hours worked in excess of forty hours in any one workweek.

69. Defendants' violations of the FLSA were willful.

70. For Defendants' violations of the FLSA, Defendants are liable to Plaintiff for unpaid overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## COUNT II
### FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE MWHL

71. Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

72. Each Defendant was an "employer" of Plaintiff within the meaning of the MWHL. Md. Code, Lab. & Empl. Art. § 3-401(b).

73. The MWHL requires that employers with fewer than 14 employees to pay non-exempt employees at least $11.60 per hour from January 1, 2021 through December 31, 2021, and $12.20 from January 1, 2022 through the present. Md. Code, Lab. & Empl. Art. § 3-413.

74. The MWHL requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. Md. Code, Lab. & Empl. Art., §§ 3-415 and 3-420.

75. Defendants violated the MWHL by knowingly failing to pay the required minimum wage to Plaintiff.

76. Defendants violated the MWHL by knowingly failing to pay Plaintiff one and one-half times her regular hourly rate for hours worked in excess of forty hours in any one workweek.

77. Defendants' violations of the MWHL were willful.

78. For Defendants' violations of the MWHL, Defendants are liable to Plaintiff for unpaid minimum and overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## COUNT III
## FAILURE TO PAY WAGES UNDER THE MWPCL

79. Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

80. Each Defendant was an "employer" of Plaintiff within the meaning of the MWPCL. Md. Code, Lab. & Empl. Art. § 3-501(b).

81. The MWPCL requires employers to pay an employee whose employment terminates all wages due on or before the day on which the employee would have been paid the wages if the employment had not been terminated. Md. Code, Lab. & Empl. Art. § 3-505(a).

82. The MWPCL requires employers to timely pay an employee on regular pay days. Md. Code, Lab. & Empl. Art. § 3-502.

83. The "wages" required to be timely paid by the MWPCL include minimum and overtime wages. Md. Code, Lab. & Empl. Art. § 3-501(c)(2). *See also Peters v. Early Healthcare Giver, Inc.*, 439 Md. 646, 654 (Md. 2014).

84. Defendants violated the MWPCL by knowingly failing to timely pay to Plaintiff all wages due, including minimum and overtime wages.

85. Defendants' violations MWPCL were willful.

86. For Defendants' violations of the MWPCL, Defendants are liable to Plaintiff for three times the amount of unpaid wages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of **$48,547.00**, and grant the following relief:

    a. Award Plaintiff $45,000.00, consisting of the following overlapping elements:

   i.  unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

   ii.  unpaid Maryland minimum and overtime wages, plus an equal amount as liquidated damages, pursuant to the MWHL, Md. Code, Lab. & Empl. Art., § 3-427;

   iii.  three times the amount of unpaid minimum and overtime wages, pursuant to the MWPCL, Md. Code, Lab. & Empl. Art., 3-507.2;

 b. Award Plaintiff pre-judgment and post-judgment interest as permitted by law;

 c. Award Plaintiff reasonable attorney's fees and expenses at (as of this date, approximately $3,145.00);

 d. Award Plaintiff court costs (currently, $402.00); and

 e. Award any additional relief the Court deems just.

July 30, 2022                Respectfully submitted,

                      **DCWageLaw**

                      By: /s/ Justin Zelikovitz
                      JUSTIN ZELIKOVITZ, #17567
                      519 H Street NW
                      Washington, DC 20001
                      Phone: (202) 803-6083
                      Fax: (202) 683-6102
                      justin@dcwagelaw.com

                      *Counsel for Plaintiff*